UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CAROL DROWN, | : | CIVIL ACTION NUMBER: |
| *Plaintiff,* | : | |
| | : | 3:03CV0978(WWE) |
| VS. | : | |
| | : | |
| T.F.C. CONWAY(#1346) | : | |
| *Defendant.* | : | SEPTEMBER 26, 2004 |

PLAINTIFF'S TRIAL MEMORANDUM

*1)* **BRIEF SUMMARY OF THE CASE**

The plaintiff was involved in a roll-over single car automobile accident on July 21, 2000. The defendant, a State Police Trooper, investigated. The plaintiff contends that that night, at the hospital, and subsequently, on September 25, 2000, when he arrested and booked her late at night in connection with the accident, the defendant subjected her to sexual harassment which constituted unreasonable force under the Fourth Amendment and a violation of her Fourteenth Amendment right to substantive due process.

1

*2)*     ***PROPOSED VOIR DIRE***

1. This is a lawsuit for civil rights violations brought by a citizen against a state police officer. Is there any reason why you would have difficulty being completely neutral and fair in deciding this case if you are chosen to serve on the jury?

2. Is there anyone here who would prefer not to sit on a jury concerning a case of this kind?

3. Does anyone here feel for any reason that citizens who believe that they have been treated illegally and unfairly should not bring suit against police officers? If so, please explain.

4. Have you or anyone close to you ever been employed as a policeman or by any law enforcement agency in any capacity? If so, please explain.

5. Have you or anyone close to you ever been employed by any municipality in the State of Connecticut?

6. Has anyone here or anyone close to you ever been employed by any other Governmental unit in the State of Connecticut or elsewhere?

7. Do you know or have you read anything or heard anything about this case, the plaintiff or the defendant or any of the lawyers involved in the case?

8. Has anyone here ever served as an appointed or elected official of state, city or local Government?

9. Has anyone here or anyone close to you ever been involved in any political campaigns or elections in the State of Connecticut?

10. Has anyone here or any close to you ever been employed by an attorney?

11. Would you for any reason tend to favor one side or the other in this case or in regard to the evidence which may be presented?

12. Other things being equal, would you tend to trust or believe the testimony of a police officer more or less than that of an ordinary citizen merely because the testimony came from a police officer?

13. Does anyone here have any feeling that the testimony of a police officer is entitled to greater or lesser weight or believability than that of a civilian?

14. Have you or anyone close to you ever been the victim of a crime?

15. Does anyone here belong to any club or organization which in any way is interested in the enforcement or the change of any law or laws or which is in any other way concerned with policemen or law enforcement?

16. Have you or anyone close to you ever been arrested?

17. Has anyone here ever witnessed an arrest?

18. Have you, or has anyone close to you, ever been a party to a lawsuit? If so, please explain.

19. Where are you employed?

20. If you are married, is your spouse connected in any way with any police department or other law enforcement agency or is he or she employed by any municipality?

**3)   LIST OF WITNESSES**

1. The plaintiff, Carol Drown

2. The defendant, TFC Conway

3. Norman J. Dove, Jr.

4. Walter Celinski

5. Virginia Celinski

6. Timothy Goundrey, M.D.

7. Charles Foley, M.D.

8. Thomas C. Banever, M.D.

9. Trooper R. Turner

*4)*   **LIST OF EXHIBITS**

      1    State Police photographs of accident scene

      2    Photographs of accident area

      3    Medical records

      4    Defendant's accident report

      5    Defendant's arrest report

      6    Personal Property Inventory & Prisoner Processing Form

      7    Notice of Rights

      8    Temporary Operator's License

*5)*   **DEPOSITION DESIGNATIONS**

None

*6)*   **PROPOSED JURY INSTRUCTIONS AND INTERROGATORIES**

<u>**Proposed Jury Instructions**</u>

  1. The plaintiff has brought this lawsuit to obtain redress for what she contends were violations of his rights under the United States Constitution, specifically her rights to be free from unreasonable force during an arrest and to be free from conduct by a

police officer so shocking that it constitutes a denial of substantive due process of law. Federal law provides that any individual may seek redress in this Court, by way of money damages, against any person who, under color of State law, deprives that individual of any of her constitutional rights.  "Acting under color of law" means "under pretense of law," and simply means acting in one's capacity as, in this case, a police officer.  In this case, the plaintiff has met her burden of proving that the defendant acted under color of law, so you need not concern yourselves with that issue.  [Monroe v. Pape, 365 U.S. 167 (1961); Pitchell v. Callan, 13 F.3d 545 (2d Cir. 1994); Conner v. Donnelly, 42 F.3d 220 (4th Cir. 1994); Stengel v. Belcher, 522 F.2d 438, 441 (6th Cir. 1975).]

    2.  It is not necessary to find that the defendant had any specific intent to deprive the plaintiff of her civil rights in order to find in favor of the plaintiff.  The plaintiff is entitled to relief if the defendant intended the actions which resulted in the violation of the plaintiff's rights or if the defendant acted in reckless disregard of the plaintiff's rights. Reckless disregard of the plaintiff's rights simply means not caring whether or not those rights were being violated.  [Merriwether v. Coughlin, 879 F.2d 1037 (2d Cir. 1989); Bordanaro v. McLeod, 871 F.2d 1151, 1164 (1st Cir. 1989); Stengel v. Belcher, 522

F.2d 438 (6th Cir. 1975); <u>Gregory v. City of Rogers</u>, 921 F.2d 750, 755-57 (8th Cir. 1990) (Timbers, J.); <u>Wood v. Ostrander</u>, 879 F.2d 583 (9th Cir. 1989); <u>Caballero v. City of Concord</u>, 956 F.2d 204 (9th Cir. 1992); <u>Presnick v. Santoro</u>, 832 F. Supp. 521, 528 (D. Conn. 1993) (Cabranes, J.).]

    3. The testimony of a police officer is entitled to no special or exclusive sanctity. An officer who takes the witness stand subjects his testimony to the same examination and the same tests that any other witness does and in the case of police officers you should not believe them merely because they are so employed. You should recall their demeanor on the stand, their manner of testifying, the substance of their testimony, and weigh and balance it just as carefully as you would the testimony of any other witness. People employed by the government, including police officers, do not stand in any higher station in the community than other persons, and their testimony is not entitled to any greater weight. [Wright & Havanich, <u>CONN. JURY INSTRUCTIONS</u>, (2d Ed.) §667.]

    4. If you find that the defendant is liable to the plaintiff on either of the grounds advanced in this lawsuit, you should then consider the question of damages. There are essentially two kinds of damages which can be awarded in a lawsuit -- compensatory

damages and punitive damages.  Compensatory damages are designed to compensate the plaintiff for injuries suffered by the plaintiff.  These injuries include not only money actually spent or debts incurred as a result of the injury, but also emotional anguish, impairment of reputation, personal humiliation, and other suffering.  In fixing compensatory damages you should determine the amount of money which will, in your judgment, reasonably and fairly compensate the plaintiff for any harm of any kind which was proximately caused by the wrongful conduct of the defendant.  Among the elements of injury and harm for which compensation may be awarded are:

    a)  The physical harm to the plaintiff during and after the impairment or injury received, including imprisonment and loss of freedom;

    b)  The emotional harm to the plaintiff during and after the impairment or injury received, including emotional distress or pain, humiliation, personal indignity, embarrassment, fear, anxiety and/or anguish which the plaintiff has suffered or may with reasonable certainty be expected to suffer in the future.

Actual loss is not limited to expenses or debts incurred.  Injuries of any kind are to be fully and fairly compensated if they are proximately caused by the constitutional violation.  You should award damages in such a case to the extent that the loss or injury

can be reasonably quantifiable and not simply on the basis of the inherent value of the rights violated.  The damages you award should be proportional to the actual loss sustained, whether that loss is physical or mental or emotional or one of the other types of loss I have previously discussed with you.  [Memphis Community School District v. Stachura, 477 U.S. 299 (1986); Wheatley v. Beetar, 637 F.2d 863, 865-68 (2d Cir. 1981); Ellis v. Blum, 643 F.2d 68, 82-84 (2d Cir. 1981); Walters v. City of Atlanta, 803 F.2d 1135 (11th Cir. 1986); Johnson v. Franklin, 112 Conn. 228, 229, 152 Atl. 64 (1930); Childs v. Bainer, 35 Conn. App. 301, 304 (1994); Creem v. Cicero, 12 Conn. App. 607, 611, 533 A.2d 234 (1987); Jeffries v. Johnson, 27 Conn. App. 471, 476, 607 A.2d 443 (1992).]

     5.  You may also decide whether the plaintiff is entitled to the award of any punitive damages.  In a case like this one, you may consider whether acts or omissions of the defendant, if you find them to have been proved, were so serious that the defendant should pay a penalty so that in the future others will be deterred from engaging in the same conduct.  Whether you decide to award any punitive damages should be based on whether you find that the defendant engaged in any one of the following things:

    1)  Willful or malicious violation of the constitutional rights of the plaintiff;

    2)  Any intentional act by the defendant in gross disregard of the rights of the plaintiff;

    3)  Reckless disregard by the defendant of whether or not he was violating the rights of the plaintiff.

If you find any one of these three things to have been proven, then you should award punitive damages.  [Smith v. Wade, 461 U.S. 30 (1983); Stolberg v. Board of Trustees, 474 F.2d 489 (2d Cir. 1973); McFadden v. Sanchez, 710 F.2d 907 (2d Cir. 1983); Savarese v. Agriss, 883 F.2d 1194, 1204 (3d Cir. 1989); Larez v. City of Los Angeles, 946 F.2d 630, 648-49 (9th Cir. 1991); Wright v. Sheppard, 919 F.2d 665, 670-73 (11th Cir. 1990).]

    6.  The purpose of punitive damages awards is both punishment and deterrence, and in deciding whether to award punitive damages and, if so, fixing the amount of such damages, the jury acts as the conscience of the community.  In fixing the amount of punitive damages, it is appropriate for the jury to consider all of the same factors which a trial judge would consider in imposing sentence in a criminal case.  These factors include the behavior of the defendant at trial and his or her apparent lack

of genuine repentance for the misconduct in question, if you find such to be the case. [Hall v. Ochs, 817 F.2d 920 (1st Cir. 1987); Rowlett v. Anheuser-Busch, Inc., 832 F.2d 194 (1st Cir. 1987); O'Neill v. Krzeminski, 839 F.2d 9 (2d Cir. 1988); Zarcone v. Perry, 572 F.2d 52 (2d Cir. 1978).]

      7.  Conduct of a defendant, including statements knowingly made and acts knowingly done after an allegedly wrongful act, may be considered by the jury in the light of all other evidence in the case in determining whether or not the defendant has acted wrongfully.  When a defendant voluntarily and intentionally offers an explanation, or makes some statement tending to show his innocence, and this explanation or statement is later shown to be false, the jury may consider whether this circumstantial evidence points to a consciousness of wrongdoing.  Ordinarily, it is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or statement tending to establish his innocence.  Whether or not evidence as to a defendant's voluntary explanation or statement points to a consciousness of wrongdoing or a consciousness of guilt, and the significance to be attached to any such evidence, are matters exclusively within the province of the jury.  A statement or act is "knowingly" done, it made or done voluntarily and intentionally, and not because of

mistake or accident or other innocent reason.  [Fernandez v. Fitzgerald, 711 F.2d 485 (2d Cir. 1983); United States v. McDougald, 650 F.2d 532 (4th Cir. 1982); Government of Virgin Islands v. Testamark, 570 F.2d 1162 (3d Cir 1978); United States v. Barresi, 601 F.2d 193 (5th Cir. 1979); United States v. Wood, 550 F.2d 435 (9th Cir. 1976); Opper v. United States, 348 U.S. 84, 92 (1954); Wilson v. United States, 162 U.S. 613, 620-21 (1896); United States v. DeAlesandro, 361 F.2d 694, 697-98 (2d Cir. 1966), cert. denied, 385 U.S. 842 (1967).]

    8.  If you find that the defendant not only made a false statement or explanation tending to show his innocence, but has made that statement to a law enforcement officer, then you may consider that to be evidence not only of the defendant's consciousness of his own wrongdoing but independent evidence that in fact he did violate the plaintiff' rights in the manner alleged in the Complaint.  False exculpatory statements made to law enforcement officials are circumstantial evidence and have independent probative force.  In other words, if you find that a defendant has knowingly made a false statement to a law enforcement officer, which if true would have tended to establish the innocence of the defendant, you may consider that false statement as

independent evidence that the defendant actually committed the constitutional violation alleged in the Complaint.  [United States v. Durrani, 835 F.2d 410, 424 (2d Cir. 1987).]

      9.  A person, even if he or she is being lawfully arrested, has a constitutional right to have that arrest made in a reasonable manner and without the use of unreasonable force.  A police officer is not allowed to use unreasonable force when making even a lawful arrest.  The officer may use only such force as a reasonable and trained police officer would believe is required to take an arrested citizen into custody, for the particular charges and under the particular circumstances presented by this case.  A police officer may do no more than that.  In determining whether a defendant police officer has used unreasonable force in the course of making an otherwise lawful arrest, you should consider all of the facts which you find to have been proven in the case, including the need if any for using the amount of force that was involved and the relationship between that force and the extent of the injury which was inflicted upon the plaintiff by the officer.  [Graham v. Connor, 490 U.S. 386 (1989); Miller v. Lovett, 879 F.2d 1066 (2d Cir. 1989); Finnegan v. Fountain, 915 F.2d 817 (2d Cir. 1990).]

      10.  The plaintiff contends that the defendant's conduct violated her right under the Fourteenth Amendment to the United States Constitution to what the law calls

substantive due process of law.  A substantive due process claim alleges that the public official's conduct is inherently impermissible.  It is based on the right to be free of state intrusions into realms of personal privacy and bodily security through means so demeaning and harmful that they shock the conscience.  The overarching objective of this doctrine is to prevent government officials from abusing their power, or employing it as an instrument of oppression. [County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998); Hall v. Tawney, 621 F.2d 607, 613 (4th Cir. 1980); Conroe Creosoting Co. v. Montgomery County, 249 F.3d 337, 341 (5th Cir. 2001); Ramos v. Gallo, 596 F. Supp. 833, 837 (D. Mass. 1984).] The courts have repeatedly held, and I instruct you as a matter of law, that any sort of sexual abuse by a police officer in the course of his duties constitutes a violation of the victim's right to substantive due process of law. [Doe v. Taylor Independent School Dist., 15 F.3d 443 (5th Cir. 1994); Doe v. Claiborne County, 103 F.3d 493 (6th Cir. 1996); Harris v. City of Pagedale, 821 F.2d 499, 508 (8th Cir. 1987).Kinman v. Omaha Public School District, 171 F.3d 607 (8th Cir. 1999); Rogers v. City of Little Rock, 152 F.3d 790 (8th Cir. 1998); Haberthur v. City of Raymore, Missouri, 119 F.3d 720, 723 (8th Cir. 1997).]

11. The defendant has asserted in this case the affirmative defense of qualified immunity. A police officer claiming such defense is entitled to qualified immunity (1) if the conduct attributed to him is not prohibited by federal law; or (2) where that conduct is so prohibited, but the plaintiff's right not to be subjected to such conduct by the defendant was not clearly established at the time of the conduct; or (3) if the defendant's action was objectively legally reasonable in light of the legal rules that were clearly established at the time it was taken." [O'Bert ex rel. Estate of O'Bert v. Vargo, 331 F.3d 29, 36 (2nd Cir. 2003)] The defendant has the burden of proving at least one of these three grounds for the defense. If he fails to sustain his burden of proving at least one of those grounds, then he is not entitled to qualified immunity. [Gomez v. Toledo, 446 U.S. 635, 640 (1980); Harlow v. Fitzgerald, 457 U.S. 800, 815 (1982); Schechter v. Comptroller of the City of New York, 79 F.3d 265, 270 (2d Cir. 1996); Black v. Coughlin, 76 F.3d 72, 75 (2d Cir. 1996); Castro v. United States, 34 F.3d 106, 111 (2d Cir. 1994).]

## *Proposed Jury Interrogatories*

1. Did the defendant use unreasonable force upon the plaintiff on the evening of July 21, 2000?

    Yes_____        No_____

2. Did the defendant violate the plaintiff's right to substantive due process of law on the evening of July 21, 2000?

    Yes_____        No_____

3. Did the defendant use unreasonable force upon the plaintiff on the evening of September 20, 2000?

    Yes_____        No_____

4. Did the defendant violate the plaintiff's right to substantive due process of law on the evening of September 20, 2000?

    Yes_____        No_____

5. If you have answered "yes" to either Question 1 or Question 2, or to both Question 1 and Question 2, what sum of money is fair, just and reasonable to

compensate the plaintiff for what was done to her by the defendant on the evening of July 21, 2000?

$_____

6. If you have answered "yes" to either Question 1 or Question 2, or to both Question 1 and Question 2, what amount of punitive damages, if any, do you award the plaintiff for the defendant's wrongdoing on the evening of July 21, 2000?

$_____

7. If you have answered "yes" to either Question 3 or Question 4, or to both Question 3 and Question 4, what sum of money is fair, just and reasonable to compensate the plaintiff for what was done to her by the defendant on the evening of September 20, 2000?

$_____

8. If you have answered "yes" to either Question 3 or Question 4, or to both Question 3 and Question 4, what amount of punitive damages, if any, do you award the plaintiff for the defendant's wrongdoing on the evening of September 20, 2000?

$_____

```
                                        THE PLAINTIFF,
                                        CAROL DROWN


                              BY_____
                                        JOHN R. WILLIAMS (ct00215)
                                        Williams & Pattis, LLC
                                        51 Elm Street, Suite 409
                                        New Haven, CT 06510
                                        Telephone: 203.562.9931
                                        Fax: 203.776.9494
                                        E-Mail: jrw@johnrwilliams.com
                                        Her Attorney
```

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via first class mail, postage prepaid, this 26th day of September, 2004, to the following parties and counsel of record:

Steven R. Sarnoski
Assistant Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, CT 06105

```
                                        _____
                                        JOHN R. WILLIAMS
```

18