UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CAROL DROWN, | : | No. 3:03CV-0978 (WWE) |
|     *Plaintiff,* | : | |
| | : | |
| V. | : | |
| | : | |
| T.F.C. CONWAY (#1346) | : | |
|     *Defendants.* | : | OCTOBER 21, 2004 |

**MOTION IN LIMINE**
**TO PRECLUDE EVIDENCE CONCERNING THE RESULTS OF**
**A CONNECTICUT DEPARTMENT OF MOTOR VEHCILES HEARING**

This is a civil rights case filed by the plaintiff, Carol Drown, against the defendant, Connecticut State Police Trooper Randall Conway, alleging violations of her federal constitutional right under the Fourth Amendment to be free from unreasonable arrest. In addition, the plaintiff alleges a pendant state law claim of intentional infliction of emotional distress. The lawsuit arises out of the plaintiff's arrest by warrant on September 25, 2000, for driving under the influence of alcohol, driving to fast for conditions, and failing to wear a seat belt, following her July 21, 2000, one-car accident in which she ran off the roadway and crashed during a rainstorm while driving home from a neighborhood party late one evening. In Paragraph 9 of her complaint, the plaintiff alleges that, "[t]he Connecticut Department of Motor Vehicles subsequently determined that there were no grounds to believe that the plaintiff operated a vehicle under the influence of alcohol or drugs and refused to suspend her operator's license." The defendant seeks to preclude admission of testimony or evidence on this point in that such evidence is irrelevant to the issues in this lawsuit and, further, would unfairly confuse and prejudice the jury. Further, testimony from the plaintiff concerning the findings of an

administrative tribunal convened by the Connecticut Department of Motor Vehicles would constitute inadmissible hearsay.

## STANDARD OF REVIEW

The motion in limine, while not specifically authorized by statute or the Federal Rules of Evidence, arises under the Court's inherent authority to manage the course of trial proceedings under F.R.E. Rule 103(c).  *Luce v. United States,* 469 U.S. 38, n. 4, 105 S.Ct. 460, 463, n.4, 83 L.Ed.2d 443 (1984).  This authority includes granting a motion in limine to exclude irrelevant evidence pursuant to F.R.E. Rules 402 and 403.  *U.S. Football League v. National Football League,* 634 F.Supp. 1155, 1165 (D.C.N.Y. 1986).  The proper resolution of a motion in limine rests within the sound discretion of the court.

## ARGUMENT

The relevant provisions of the Federal Rules of Evidence read as follows:

**Rule 401. Definition of "Relevant Evidence"**

"Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

**Rule 402. Relevant Evidence Generally Admissible; Irrelevant Evidence Inadmissible**

All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

**Rule 403. Exclusion of Relevant Evidence on Grounds of Prejudice, Confusion, or Waste of Time**

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of

> the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.
>
> **Rule 802. Hearsay Rule**
>
> Hearsay is not admissible except as provided by these rules or by other rules prescribed by the Supreme Court pursuant to statutory authority or by Act of Congress.

In this matter, the plaintiff alleges in paragraph 9 of her complaint that, "[t]he Connecticut Department of Motor Vehicles subsequently determined that there were no grounds to believe that the plaintiff operated a vehicle under the influence of alcohol or drugs and refused to suspend her operator's license." However, the plaintiff makes no allegation that the defendant lacked probable cause to support her arrest. Indeed, the plaintiff's complaint also alleges that she was arrested for failure to wear her seat belt and driving too fast for conditions following her July 21, 2000, motor vehicle accident. Apparently, the plaintiff does not contest the sufficiency of probable cause on these charges.

Hearings at which a Connecticut operator's license may be suspended for violation of Connecticut General Statutes § 14-227a are conducted pursuant to Regulations of State Agencies §§ 14-45a-17 *et seq.* in accordance with established procedures for administrative hearings under Connecticut General Statutes § 4-183. Such procedures include limited and liberal rules of evidence which provide for the admission of documents and testimony which would clearly be inadmissible in this court. *See* Connecticut General Statutes § 4-178. Moreover, an arresting officer is not a party to the Department of Motor Vehicles suspension hearing, and is permitted to play only the limited role of a witness if, indeed, he is called to the hearing at all. Because the standards for admissibility of evidence upon which a Department of Motor Vehicles hearing

officer bases his/her decision regarding whether or not sufficient evidence exists to warrant the suspension of an operator's license substantially differs from that applicable to a civil action brought in U.S. District Court, the findings the administrative hearing officer in the case of the plaintiff are not dispositive of the question of probable cause in this civil rights action.  Indeed, in this court, the mere fact that the defendant sought and obtained an arrest warrant for the plaintiff upon these charges is, in itself, dispositive of the question of probable cause absent allegations that the officer involved falsified the affidavit or otherwise omitted material, exculpatory evidence.  *See, e.g., Franks v. Delaware,* 438 U.S. 154, 155-56, 98 S.Ct. 2674, 2676-77, 57 L.Ed.2d 667 (1978); *Brown v. D'Amico,* 35 F.3d 97, 99 (2d Cir. 1994); *Soares v. State of Connecticut,* 8 F.3d 917, 920-21 (2d Cir. 1993); *Cartier v. Lussier,* 955 F.2d 841, 845-46 (2d Cir. 1992); *Golino v. City of New Haven,* 950 F.2d 864, 870-71 (2d Cir. 1991), *cert. denied, sub nom, Lillis v. Golino,* 505 U.S. 1221, 112 S.Ct. 3032, 120 L.Ed.2d 902 (1992).  No such allegations of falsification or omission are contained in the complaint.  As a result, the findings of an administrative hearing officer with regard to the question of whether the plaintiff's Connecticut operator's license ought to be suspended on the basis of her arrest are simply not relevant to the issues in this case.

   Beyond this, introduction of such evidence is likely to unfairly confuse and mislead the jury as to their responsibility in determining the facts of this case.  Assuming that there even exists a viable claim of false arrest after the issuance of an arrest warrant, the relevant facts are those available to the officer at the time of the arrest.  Interjecting the opinion of an administrative hearing officer on this matter invades the province of the jury and impermissibly introduces "expert" testimony without the proper prerequisites as set forth in Federal Rules of

Civil Procedure, Rule 26. It is likely that, if such evidence is allowed, the jury would focus its attention on the findings of the hearing officer rather than make an independent assessment of whether the defendant possessed probable cause for the arrest at the time the plaintiff was taken into custody. At any rate, the fact that the defendant was in possession of a valid arrest warrant when the plaintiff was taken into custody should be dispositive of this question.

Finally, permitting the plaintiff to testify as to the findings of the Department of Motor Vehicles hearing regarding the suspension of her license would constitute inadmissible hearsay. While this hurdle could be crossed by bringing the hearing officer into court, he/she has not been designated as a witness by the plaintiff in her pretrial memorandum. Even so, to engage in examination of the administrative hearing officer on direct or cross examination as to the justifications for his findings would not address the issues properly before this court, and would only serve to further confuse and mislead the jury as to its proper purpose. Having heard the evidence, such an individual is in no better position to judge whether or not there existed probable cause to arrest the plaintiff on September 25, 2000 than is the jury -- the proper finders of fact. As such, testimony or documentation concerning the results of the administrative hearing conducted at the Department of Motor Vehicles concerning the suspension of the plaintiff's operator's license should be excluded.

## **CONCLUSION**

For all of the foregoing reasons, testimony or documentation concerning the results of the administrative hearing conducted at the Department of Motor Vehicles concerning the suspension of the plaintiff's operator's license following her arrest should be excluded.

        DEFENDANT
Randall Conway

RICHARD BLUMENTHAL
ATTORNEY GENERAL


By: __/s/_____
Stephen R. Sarnoski
Assistant Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, Connecticut  06105
Tel. (860) 808-5450
Federal bar #ct05129


## CERTIFICATION

I hereby certify that a copy of the foregoing motion was mailed this _____ day of

_____, _____, to the following pro se parties and/or counsel of record:


John R. Williams, Esq.
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, Connecticut 06510




__/s/_____
Stephen R. Sarnoski
Assistant Attorney General