UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **CAROL DROWN,** | : | **CIVIL ACTION NUMBER:** |
| *Plaintiff,* | : | |
| | : | **3:03CV0978(HBF)** |
| **VS.** | : | |
| | : | |
| **T.F.C. CONWAY(#1346)** | : | |
| *Defendant.* | : | **NOVEMBER 14, 2004** |

**PLAINTIFF'S BRIEF IN OPPOSITION TO MOTION IN LIMINE**

The defendant has moved *in limine* to preclude the plaintiff from presenting any evidence that at an administrative hearing conducted before the Department of Motor Vehicles it was determined that she was not intoxicated at the time she operated her motor vehicle – the alleged crime for which the defendant arrested her.

In United States v. Utah Construction & Mining Co., 384 U.S. 394 (1966), the Supreme Court established a general presumption in favor of applying collateral estoppel principles to federal administrative proceedings. That rule subsequently was extended to unreviewed state administrative decisions. University of Tennessee v. Elliott, 478 U.S. 788 (1986). The test for applicability of the rule is whether the state

1

agency (1) acted in an administrative capacity; (2) resolved disputed issues of fact properly before it; and (3) afforded the parties an adequate opportunity to litigate the facts. 478 U.S. at 799. Those tests surely are met in the present case.

    The Second Circuit has expressly applied the doctrine to unreviewed state agency determinations. Doe v. Pfrommer, 148 F.3d 73, 79 (2d Cir. 1998); Long Island Lighting Co. v. IMO Indus. Inc., 6 F.3d 876, 885-86 (2d Cir. 1993). The Elliott rule, however, is limited to the agency's factual findings and does not apply to its conclusions of law. Edmundson v. Borough of Kennett Square, 4 F.3d 186, 192-93 (3d Cir. 1993); Dionne v. Mayor and City Council of Baltimore, 40 F.3d 677, 685 (4th Cir. 1994); Peery v. Brakke, 826 F.2d 740, 746 (8th Cir. 1987); Gjellum v. City of Birmingham, 829 F.2d 1056, 1064-65 (11th Cir. 1987). Contra, Miller v. County of Santa Cruz, 39 F.3d 1030, 1032-35 (9th Cir. 1994); Eilrich v. Remas, 839 F.2d 630, 632-33 (9th Cir. 1988).

    The defendant claims that he was not a party to the administrative proceeding, but "a party will be bound by the previous judgment if his 'interests were adequately represented by another vested with the authority of representation.'" Monahan v. New York City Dept. of Corrections, 214 F.3d 275, 285 (2d Cir. 2000) (holding officers bound under res judicata by prior holding in similar suit brought by president of their union).

Quoting <u>Alpert's Newspaper Delivery, Inc. v. The New York Times Co.</u>, 876 F.2d 266, 270 (2d Cir. 1989).  "Whether there is privity between a party against whom claim preclusion is asserted and a party to prior litigation is a functional inquiry in which the formalities of legal relationships provide clues but not solutions."  <u>Chase Manhattan Bank, N.A. v. Celotex Corp.</u>, 56 F.3d 343, 346 (2d Cir. 1995).  "[I]n determining whether two parties are in privity, courts often look to the commonality of their interest in the matter."  <u>Doe v. Urohealth Systems, Inc.</u>, 216 F.3d 157, 162 (1st Cir. 2000).  The defendant does not claim here that he was not present at the administrative hearing in this case.  Even had he not been present, his reports would necessarily have formed the heart of the hearing and would have been given the fullest possible consideration.

The issue having been fully and fairly adjudicated at an administrative proceeding conducted by an agency of the State of Connecticut, the defendant State employee, and his State employee attorney, cannot not dispute the factual findings of that hearing.  It is not a question of proving the result of the hearing; the result of the hearing is a fact which the defendant cannot dispute.

The defendant's Motion in Limine must be denied.

       Respectfully submitted:


BY_____
   JOHN R. WILLIAMS (ct00215)
   Williams & Pattis, LLC
   51 Elm Street, Suite 409
   New Haven, CT 06510
   Telephone: 203.562.9931
   Fax: 203.776.9494
   E-Mail: jrw@johnrwilliams.com
   Plaintiff's Attorney


## CERTIFICATION

On the date above stated, a copy hereof was mailed to Steven R. Sarnoski, Esq., Assistant Attorney General, 110 Sherman Street, Hartford, CT 06105.


_____
JOHN R. WILLIAMS

4