**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

CAROL DROWN,                     :        NO. 3:03CV-0978 (HBF)
      *Plaintiff,*              :

      V.                          :

T.F.C. CONWAY                    :
      *Defendants.*            :        NOVEMBER 17, 2004

**DEFENDANT'S**
**AMENDED PRE-TRIAL MEMORANDUM**

    In accordance with the Standing Order Regarding Trial Memoranda in Civil Cases, the defendants hereby offer the following amended pre-trial memorandum:

    1.  **TRIAL COUNSEL:**

**For the Defendants:**

    Stephen R. Sarnoski
    Assistant Attorney General
    MacKenzie Hall
    110 Sherman Street
    Hartford, Connecticut  06105

    Tel. (860) 808-5450

    E-mail: stephen.sarnoski@po.state.ct.us

    2.  **JURISDICTION:**  The jurisdiction of the court is invoked under the provisions of Sections 1331, 1343(3) and 1367(a) of Title 28, and Sections 1983 and 1988 of Title 42 of the United States Code.

    3.  **JURY/NON-JURY:**  The plaintiff has claimed a trial by jury of all issues raised in his complaint.

4. **NATURE OF CASE:**  This is a civil rights action brought by the plaintiff, Carol Drown, against the defendant, Connecticut State Police Trooper Randall Conway, alleging a violation of her rights under the Fourth Amendment to the U.S. Constitution arising out of the circumstances surrounding her arrest on or about September 25, 2000, for a July 21, 2000 motor vehicle accident in which she was operating her motor vehicle under the influence of alcohol. The plaintiff complains that the defendant trooper touched her in a sexual manner while arresting her on a warrant for offenses related to the motor vehicle accident.  The plaintiff further claims that she suffered extreme emotional distress as a result of this incident.

5. **STIPULATIONS OF FACT AND LAW:**

a.  At all times relevant to this lawsuit, the defendant was acting in his official capacity as a Connecticut State Police Trooper under color of state law.

6. **PLAINTIFF'S CONTENTIONS:**  This is a civil rights action brought by the plaintiff, Carol Drown, against the defendant, Connecticut State Police Trooper Randall Conway, alleging a violation of her rights under the Fourth Amendment to the U.S. Constitution arising out of the circumstances surrounding her arrest on or about September 25, 2000, for a July 21, 2000 motor vehicle accident in which she was operating her motor vehicle under the influence of alcohol.  The plaintiff complains that the defendant trooper touched her in a sexual manner while arresting her on a warrant for offenses related to the motor vehicle accident.  The plaintiff further claims that she suffered extreme emotional distress as a result of this incident.

7. **DEFENDANT'S CONTENTIONS:**  The defendant categorically denies each and every allegation of wrongdoing raised by the plaintiff.  All of his actions in arresting and restraining the plaintiff were in accordance with established procedures and did not violate any

constitutional rights of the plaintiff.  In addition, the defendant claims that he is entitled to qualified immunity for his actions.

**8.  LEGAL ISSUES:**

a.  Whether Trooper Conway's actions during the course of arresting the plaintiff for driving while under the influence of alcohol violated her right to be free from unreasonable seizure under the Fourth Amendment to the U.S. Constitution.

c.  Whether the defendant is entitled to qualified immunity for his actions.

**9.  VOIR DIRE QUESTIONS:**  See Tab A attached to this memorandum.

**10.  LIST OF WITNESSES:**

a.  Trooper Randall Conway, 1111 Country Club Road, Middletown, Connecticut. Trooper Conway will relate all of the circumstances surrounding his arrest of the plaintiff for DUI, and will describe what occurred during the course of her transportation to the Colchester State Police Barracks and during her processing at the barracks.

b.  Norman Dove, 370 West Street, Bolton, Connecticut.  Mr. Dove will testify as to his observations concerning Trooper Conway's investigation of the plaintiff, and will describe what he observed during her transportation to the Colchester State Police barracks and her subsequent processing.

c.  Charles Foley, M.D., 56 Elm Street, Worcester, Massachusetts.  Dr. Foley was the Chief Resident running trauma services at Hartford Hospital on July 21, 2000 when the plaintiff was transported there to be treated for injuries following her automobile accident.  He will testify as to the protocols followed for emergency trauma patients such as Carol Drown.  He

attended the plaintiff and dictated the Admission Note for this patient.  He will further testify as to Carol Drown's blood alcohol level at the time of her admission.

   d.  Timothy Goundry, M.D., 400 Cold Springs Road, Rocky Hill, Connecticut.  Dr. Goundry was the junior Resident who treated the plaintiff at the time of her admission to Hartford Hospital on July 21, 2000 following her motor vehicle accident.  He will testify as to standard protocols regarding trauma patients such as the plaintiff, and will testify as to his interaction with Trooper Conway.  He wrote the plaintiff's discharge note, and will authenticate her medical records, if necessary.

   11.  **EXHIBITS**:

   A.  Connecticut State Police Investigative Report #K00-225060

   12.  **DEPOSITION TESTIMONY:**  The two medical witnesses, Doctors Timothy Goundry and Charles Foley will not be available for live testimony at the time of trial.  Dr. Foley resides in Worcester, Massachusetts, beyond the power of this court to compel his appearance by subpoena.  Dr. Goundry will be out of the country during the entire week of trial.  Both witness' testimony will be presented by reading their respective depositions.

   13.  **REQUESTS FOR JURY INSTRUCTIONS:**  See Tab B attached to this memorandum.

   14.  **ANTICIPATED EVIDENTIARY PROBLEMS:**  There is a motion in limine pending to preclude the admission of testimony or evidence concerning the results of a Connecticut Motor Vehicle Department administrative hearing regarding the suspension of the plaintiff's operator's license..

   15.  **PROPOSED FINDINGS AND CONCLUSIONS:**  Not applicable to jury trials.

16. **TRIAL TIME:**  The defendants estimate that trial of this matter, exclusive of jury selection will require three days.

17. **FURTHER PROCEEDINGS:**  None anticipated.

18. **ELECTION FOR TRIAL BY MAGISTRATE:**  None made.

19. **OTHER MATTERS:**  None

A.  **PROPOSED JURY INTERROGATORIES:**  See Tab C attached to this memorandum.

B.  **PROPOSED OPENING STATEMENT:**  None requested.

DEFENDANT
Randall Conway

RICHARD BLUMENTHAL
ATTORNEY GENERAL


By: _____/s/_____
Stephen R. Sarnoski
Assistant Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, Connecticut  06105
Tel: (860) 808-5450
Federal Bar #ct05129
E-mail: stephen.sarnoski@po.state.ct.us

## **CERTIFICATION**

I hereby certify that the foregoing pre-trial memorandum was mailed, first-class, postage

pre-paid, to all counsel of record on this the  17th  day of  November ,  2004 , as follows:

John R. Williams, Esq.
Williams & Pattis, LLC
51 Elm Street, Suite 409
New Haven, Connecticut 06510

_____/s/_____
Stephen R. Sarnoski
Assistant Attorney General

**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| CAROL DROWN, | : | NO. 3:03CV-0978 (WWE) |
| *Plaintiff,* | : | |
| | | |
| V. | : | |
| | | |
| T.F.C. CONWAY | : | |
| *Defendants.* | : | SEPTEMBER 29, 2004 |

**PROPOSED VOIR DIRE
QUESTIONS FOR THE JURY**

Counsel respectfully requests that the following questions be asked of prospective jurors:

1.  The plaintiff in this case is Carol Drown of Bolton, Connecticut.  To the best of your knowledge, are you or any member of your family acquainted with the plaintiff in any way?

2.  The defendant in this case is Randall Conway.  Mr Conway  is employed as a Connecticut State Police Trooper by the State of Connecticut, Department of Public Safety, Division of State Police.  To the best of your knowledge, are you or any member of your family acquainted with him?

3.  The following individuals may be witnesses in this case:

a.  Norman Dove of Bolton, Connecticut

b.  Dr. Timothy Goundry of Rocky Hill, Connecticut

c.  Dr. Charles Foley of Worcester, Massachusetts

To the best of your knowledge, are you or any member of your family acquainted with any of these individuals?

4.  To the best of your knowledge, have you, a member of your family or a close friend ever had an unpleasant experience with a police officer?

5.  If your response to question 4 is affirmative, describe the unpleasant experience of which you are aware.

6.  Do any of you have an unfavorable opinion about police officers in general?

7.  If your response to question 6 is affirmative, describe the nature of the unfavorable opinion that you hold concerning police officers.

8.  Have you, a member of your family, or a close friend ever been arrested?

9.  Have you read, heard or been exposed to unfavorable comments about the Connecticut State Police Department?

10.  A portion of the testimony in this lawsuit will come from State Police officers or their supervisors.  Have you or any member of your family ever had a personal experience, heard anything, or read anything which might make it difficult for you to believe their testimony?

11.  Do any of you believe, for any reason, that police officers have a tendency to abuse their authority?

12.  Have you or a member of your family ever been employed as a police officer?

13.  Do any of you believe that the testimony of a policy officer is entitled to greater credibility than that of any other witness, merely by virtue of the fact that the testimony comes from a police officer?

14.  Have you or a member of your family ever sued a police officer or the State of Connecticut for any reason?

15.  Have you or a member of your family ever been sued by the State of Connecticut or another governmental agency for any reason?

16.  Do you believe that, merely because the defendants have been accused of violating the plaintiff's constitutional rights, they are probably guilty of some wrongdoing?

17.  If you are selected to sit on this jury, the Court will instruct you on the law which you must apply to the facts of this case as you find them to be.  One of the Court's instructions will inform you that the burden of proof for all material facts rests with the plaintiff.  Do you understand that it is the plaintiff's responsibility to prove every fact essential to his case?

**UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT**

CAROL DROWN,                          :        NO. 3:03CV-0978 (WWE)
        *Plaintiff,*                    :

        V.                             :

T.F.C. CONWAY                         :
        *Defendants.*                   :        SEPTEMBER 29, 2004

## DEFENDANTS' PROPOSED INSTRUCTIONS TO THE JURY

The defendants hereby offer the following proposed instructions to the jury:

**I.  Instructions on 42 U.S.C. § 1983**

### The Statute

1.  The law to be applied in this case is the federal civil rights law which provides a remedy for individuals (or other entities) who have been deprived of their constitutional (or statutory) rights under color of state law.  Section 1983 of Title 42 of the United States Code states:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

### Purpose of Statute

2.  Section 1983 creates a form of liability in favor of persons who have been deprived of rights, privileges and immunities secured to them by the United States Constitution and federal statutes.  Before section 1983 was enacted in 1871, people so injured were not able to sue state

officials or persons acting under color of state law for money damages in federal court. In enacting the statute, Congress intended to create a remedy as broad as the protection provided by the Fourteenth Amendment and federal laws.

Section 1983 was enacted to give people a federal remedy enforceable in federal court because it was feared that adequate protection of federal rights might not be available in state courts.

**Authority:** *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *Imbler v. Pachtman,* 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); *Mitchum v. Foster,* 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972); *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961).

### Burden of Proof

3.  I shall shortly instruct you on the elements of plaintiff's section 1983 claim, and on the elements of defendant's affirmative defenses.

The plaintiff has the burden of proving each and every element of his section 1983 claim by a preponderance of the evidence.  If you find that any one of the elements of plaintiff's section 1983 claim has not been proven by a preponderance of the evidence, you must return a verdict for the defendant.

The defendant has the burden of proving each element of his affirmative defenses.  I shall shortly instruct you on the elements of these defenses.  If you find that any one of the elements of defendant's defenses has not been proven by a preponderance of the evidence, you must disregard the defense.

**Authority:** *Gomez v. Toledo,* 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980).

**Elements of a Section 1983 Claim**

4.  To establish a claim under section 1983, the plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Third, that the defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

I shall now examine each of the three elements in greater detail.

*Authority: Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

## First Element - Action Under Color of State Law

### Definition

5.  The first element of the plaintiff's claim is that the defendant acted under color of state law.  The phrase "under color of state law" is a shorthand reference to the words of section 1983, which includes within its scope action taken under color of any statute, ordinance, regulation, custom or usage, of any state (or territory or the District of Columbia).  The term "state" encompasses any political subdivision of a state, such as a county or city, and also any state agencies or a county or city agency.

Action under color of state law means action that is made possible only because the actor is clothed with the authority of the state.  Section 1983 forbids action taken under color of state law where the actor misuses power that he possesses by virtue of state law.

12

An actor may misuse power that he possesses by virtue of state law even if his acts violate state law; what is important is that the defendant was clothed with the authority of state law, and that the defendant's actions were made possible by virtue of state law.

**Authority:**  *Adickes v. S.H. Kress Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); *Screws v. United States,* 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945); *United States v. Classic,* 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1361 (1941); *Hague v. C.I.O.,* 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939); *Home Telephone & Telegraph Co. v. City of Los Angeles,* 227 U.S. 278, 33 S.Ct. 312, 57 L.Ed. 510 (1913); *Ex parte Virginia,* 100 U.S. 339, 25 L.Ed. 676 (1880).

6.  The act of a state official in pursuit of his personal aims that is not accomplished by virtue of his state authority is not action under color of state law merely because the individual happens to be a state officer.

**Authority:**  *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); *Stengel v. Belcher,* 522 F.2d 438 (6th Cir. 1975); *cert. denied,* 429 U.S. 118, 97 S.Ct. 514, 50 L.Ed. 269 (1976).

### Second Element - Deprivation of Right
### Unreasonable Seizure

7.  The second element of the plaintiff's claim is that she was deprived of a federal right by the defendant.  The plaintiff claims that the acts of the defendant in the course of arresting her constituted an unreasonable seizure in violation of the Fourth Amendment to the U.S. Constitution as applied to the States through the Fourteenth Amendment.

Our Fourth Amendment jurisprudence has long recognized that the right to make an arrest necessarily carries with it the right to use some degree of physical coercion or threat

thereof to effect it.  Thus, police officers are justified in using reasonable physical force upon another person when and to the extent that they reasonably believe it necessary to effect an arrest or defend themselves or a third person from the use or imminent threat of use of physical force while effecting an arrest.

Where an unreasonable seizure claim arises in the context of an arrest of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment, which guarantees citizens the right "to be secure in their persons . . . against unreasonable . . . seizures" of the person.  Generally, when probable cause to arrest exists, the government's interests in enforcing its laws outweigh the suspect's privacy interest and arrest of the suspect is reasonable under the Fourth Amendment**.**  We deviate from this principle only when an arrest is conducted in an extraordinary manner, unusually harmful to an individual's privacy or even physical interests.  Determining whether the means used to effect a particular seizure is reasonable under the Fourth Amendment requires a careful balancing of the nature and quality of the alleged intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake.  Because the test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application, its proper application also requires careful attention to the facts and circumstances of each particular case.  The reasonableness inquiry is an objective one:  The question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying motivation.  An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable means of effecting an arrest; nor will an officer's good intentions make an objectively unreasonable means of effecting an arrest constitutional.

You must also keep in mind that not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments - in circumstances that are tense, uncertain, and rapidly evolving - about the means of effecting an arrest that may be necessary in a particular situation. The reasonableness of a particular means of effecting an arrest must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight.

*Authority: Wren v. United States,* 517 U.S. 806, 817, 818, 116 S. Ct. 1769, 1776, 135 L. Ed. 2d 89 (1996)); *Graham v. Connor,* 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989); *Miller v. Lovett,* 879 F.2d 1066 (2d Cir. 1989); *Esposito v. Buonome,* 647 F.Supp. 580 (D.Conn. 1986); Conn. Gen. Stat. § 53a-22(b); Conn. Gen. Stat. § 53a-23.

## Custodial Arrest

8. The standard of probable cause applies to all arrests, without the need to balance the interests and circumstances involved in particular situations. A responsible Fourth Amendment balance is not well served by standards requiring sensitive, case-by-case determinations of government need, lest every discretionary judgment in the field be converted into an occasion for constitutional review. If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender. Here, the plaintiff does not contest the fact that the defendant had probable cause to arrest her. Accordingly, the defendant was constitutionally authorized to make a custodial arrest without balancing costs and benefits or determining whether or not the plaintiff's arrest was in some sense necessary. Therefore, you are not to

consider in your deliberations whether or not it was necessary to take the plaintiff into custody for the offense of drunk driving.  Under the law, the defendant had an absolute right to do so.

>    **Authority:**  *Atwater v. City of Lago Vista,* 532 U.S. 318, 121 S.Ct. 1536, 149 L.Ed.2d 549 (2001); *Dunaway* v. *New York*, 442 U.S. 200, 208, 60 L. Ed. 2d 824, 99 S. Ct. 2248 (1979).

### Third Element:  Causation

### Proximate Cause - Generally

9.  The third element which plaintiff must prove is that each defendant's acts were a proximate cause of the injuries allegedly sustained by the plaintiff.  Proximate cause means that there must be a sufficient causal connection between the act or omission of each defendant and any injury or damage allegedly sustained by the plaintiff.  An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury; that is, if the injury or damage was a reasonably foreseeable consequence of each defendant's act or omission, it was proximately caused by such act or omission.  In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of each of the defendants.  If you find that any defendant has proved, by a preponderance of the evidence, that the plaintiff complains about an injury which would have occurred even in the absence of that defendant's conduct, you must find that the defendant did not proximately cause the plaintiff's injury.

A proximate cause need not always be the nearest cause either in time or in space. In addition, there may be more than one proximate cause of an injury or damage. Many factors or the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

A defendant is not liable if plaintiff's injury was caused by a new or independent source of an injury, or the plaintiff's own actions, which intervenes or supersedes the defendant's act or omission and the plaintiff's injury and which produces a result which was not reasonably foreseeable by the defendant. If you find that the plaintiff's injuries were caused by her own misconduct, and not by an unreasonable seizure on the part of the police officer, then you must enter your verdict for the defendant.

**Authority:** *Graham v. Western Line Consolidated School District,* 439 U.S. 410, 99 S.Ct. 693, 58 L.Ed.2d 619 (1979); *Mt. Healthy City School District Board of Educ. v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).

## II.  Instructions on Damages

### Consider Damages Only if Necessary

10.  If the plaintiff has proven by a preponderance of the credible evidence that defendant is liable on any of the plaintiff's claims, then you must determine the damages to which the plaintiff is entitled. However, you should not infer that the plaintiff is entitled to recover damages merely because I am instructing you on the elements of damages. It is exclusively your function to decide upon liability, and I am instructing you on damages only so that you will have guidance should you decide that the plaintiff is entitled to recovery.

*Authority:*  *Eulo v. Deval Aerodynamics, Inc.,* 47 F.R.D. 35 (E.D. Pa. 1969) *modified on other grounds,* 430 F.2d 325 (3d Cir. 1970), *cert. denied,* 401 U.S. 974, 91 S.Ct. 1189, 28 L.Ed.2d 322 (1971); *Krieger v. Bausch,* 377 F.2d 398 (10th Cir. 1967).

## Nominal Damages

11.  If you return a verdict for the plaintiff on a claim, but find that the plaintiff has failed to prove by a preponderance of the evidence that she has suffered any actual damages on that claim, then you must return an award of damages in some nominal amount such as one dollar. Nominal damages must be awarded when the plaintiff has been deprived of a constitutional right by the defendant, but has suffered no actual damage as a natural consequence of that deprivation.

*Authority:*  Adapted from 5 Hon. Leonard B. Sand, *et al., Modern Jury Instructions,* Instruction 87-88 (September 1997); *Gibeau v. Nellis,* 18 F.3d 107 (2d Cir 1994).

## Compensatory Damages

12.  The purpose of the law of damages is to award, as far as possible, just and fair compensation for the loss, if any, which resulted from the defendants' violation of the plaintiff's rights.  If you find that the defendant is liable on the claims, as I have explained them, then you must award the plaintiff sufficient damages to compensate him for any injury proximately caused by the defendant's conduct.

These are known as "compensatory damages."  Compensatory damages seek to make the plaintiff whole - that is, to compensate him for the damage that he has suffered.  (If applicable: Furthermore, compensatory damages are not limited merely to expenses that plaintiff may have borne.  A prevailing plaintiff is entitled to compensatory damages for the physical injury, pain

and suffering, mental anguish, shock and discomfort that he has suffered because of a defendant's conduct).

I remind you that you may award compensatory damages only for injuries that a plaintiff proved were proximately caused by a defendant's allegedly wrongful conduct. The damages that you award must be fair and reasonable, neither inadequate nor excessive. You should not award compensatory damages for speculative injuries, but only for those injuries that a plaintiff has actually suffered or which he is reasonably likely to suffer in the near future. You may not award compensatory damages against the defendants for conduct you find to have been merely negligent.

In awarding compensatory damages, if you decide to award them, you must be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require a plaintiff to prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

In all instances, you are to use sound discretion in fixing an award of damages, drawing reasonable inferences where you deem appropriate from the facts and circumstances in evidence.

*Authority:* *Story Parchment Co. v. Paterson Parchment Paper Co.,* 282 U.S. 555, 51 S.Ct. 248,, 75 L.Ed. 544 (1931); *Kinty v. United Mine Workers of America,* 544 F.2d 706 (4th Cir. 1976), cert. denied 429 U.S. 1093 (1977); *Northwestern National Casualty Co. v. McNulty,* 307 F.2d 432 (5th Cir. 1962); *U.C. Castings Co. v. Knight,* 754 F.2d 1363 (7th Cir. 1985); *Luria Brothers & Co., Inc. v. Pielet Brothers Scrap Iron Metal, Inc.,* 600 F.2d 103 (7th Cir. 1979);

Connecticut Law of Torts, 3d Ed. § 174; *Markey v. Santangelo,* 195 Conn. 76, 485 A.2d 1305 (1985).

## **Punitive Damages**

13.  If you award the plaintiff actual damages, then you may also make him a separate and additional award of exemplary or punitive damages.  You may also make an award of punitive damages even though you find that plaintiff has failed to establish actual damages.  Punitive damages are awarded in the discretion of the jury, to punish a defendant for extreme or outrageous conduct, or to deter or prevent a defendant and others like him from committing such conduct in the future.

You may award the plaintiff punitive damages if you find that the acts or omissions of the defendant were done maliciously or wantonly.  An act or failure to act is maliciously done if it is prompted by ill will or spite towards the injured person.  An act or failure to act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person.  The plaintiff has the burden of proving, by a preponderance of the evidence, that defendant acted maliciously or wantonly with regard to the plaintiff's rights.

An intent to injure exists when the defendant has a conscious desire to violate federal laws of which he is aware, or when the defendant has a conscious desire to injure plaintiff in a manner he knows to be unlawful.  A conscious desire to perform the physical acts that caused plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that defendant has a conscious desire to violate rights or injure plaintiff unlawfully.

If you find by a preponderance of the evidence that the defendant acted with malicious intent to violate plaintiff's federal rights or unlawfully injure him or if you find that defendant

acted with a callous or reckless disregard of the plaintiff's rights, then you may award punitive damages. An award of punitive damages, however, is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

You may not award punitive damages against the defendants for conduct you find to have been merely negligent.

In making this decision, you should consider the underlying purpose of punitive damages. Punitive damages are awarded in the jury's discretion to punish a defendant for outrageous conduct or to deter him and others like him from performing similar conduct in the future. Thus, in deciding whether to award punitive damages, you should consider whether defendant may be adequately punished by an award of actual damages only, or whether the conduct is so extreme and outrageous that actual damages are inadequate to punish the wrongful conduct. You should also consider whether actual damages standing alone are likely to deter or prevent this defendant from again performing any wrongful acts he may have performed, or whether punitive damages are necessary to provide deterrence. Finally, you should consider whether punitive damages are likely to deter or prevent other persons from performing wrongful acts similar to those defendant may have committed.

If you decide to award punitive damages, these same purposes should be considered by you in determining the appropriate sum of money to be awarded as punitive damages. That is, in fixing the sum to be awarded, you should consider the degree to which defendant should be punished for his wrongful conduct, and the degree to which an award of one sum or another will deter a defendant or persons like him from committing wrongful acts in the future.

The extent to which a particular sum of money will adequately punish a defendant, and the extent to which a particular sum will adequately deter or prevent future misconduct, may depend upon the financial resources of the defendant against which damages are awarded. Therefore, if you find that punitive damages should be awarded against the defendant, you may consider the financial resources of the defendant in fixing the amount of such damages.

*Authority:*  *Memphis Community School District v. Stachura,* 477 U.S. 299, 106 S.Ct. 2537, 91 L.Ed.2d 249 (1986); *Smith v. Wade,* 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983); *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981); *Carlson v. Green,* 446 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980); *Carey v. Piphus,* 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978); *Vasbinder v. Ambach,* 926 F.2d 1333 (2d Cir. 1991); *Abraham v. Pekarski,* 728 F.2d 167 (3d Cir. 1984); *Longoria v. Wilson,* 730 F.2d 300 (5th Cir. 1984); *Lee v. Southern Homes Sites Corp.,* 429 F.2d 290 (5th Cir. 1970); *Walker v. Norris,* 917 F.2d 1449 (6th Cir. 1990); *Bogan v. Stroud,* 958 F.2d 180 (7th Cir. 1992); *Crawford v. Garnier,* 719 F.2d 1317 (7th Cir. 1983); *Cunningham v. City of Overland,* 804 F.2d 1069 (8th Cir. 1986); *Wade v. Haynes,* 663 F.2d 778 (8th Cir. 1981), *aff'd sub nom., Smith v. Wade,* 461 U.S. 30 (1983); *Kennedy v. Los Angeles Police Department,* 901 F.2d 702 (9th Cir. 1990); *Green v. Johnson,* 977 F.2d 1383 (10th Cir. 1992); *Jolivet v. Deland,* 966 F.2d 573 (10th Cir. 1992); *Glover v. Alabama Dept. of Corrections,* 734 F.2d 691 (11th Cir. 1984); Connecticut Law of Torts, 3d Ed., § 174; *Markey v. Santangelo,* 195 Conn. 76, 485 A.2d 1305 (1985).

## III.  <u>Special Verdict With Interrogatories</u>

14.  When you retire to the jury room to conduct your deliberations, I will ask you to record your findings on a special verdict form which the clerk will provide for you.  The special

verdict form contains a number of interrogatories to which you are asked to respond either "YES" or "NO."  You should carefully follow the instructions contained on the special verdict form, and answer only those interrogatories which are necessary in order for you to conclude your deliberations.  On the other hand, you should answer each and every one of the interrogatories on the special verdict form except where the instructions indicate otherwise. Your response to each interrogatory must be unanimous, and must reflect the conscientious judgment of each juror.

Should you need to reach the damages issue, the special verdict form also contains appropriate spaces in which you are asked to record the amount of damages to be awarded.  As with your answers to each of the questions contained on the form, your award of damages, if any, must be unanimous and must reflect the conscientious judgment of each juror.

*Authority:*  Adapted from Modern Federal Jury Instructions § 78.01, Instruction No. 78-8 (1993).

## **ADDITIONAL REQUESTS**

The parties respectfully request leave to supplement their request for jury instructions after the evidence and prior to the charging conference. This request is made in an abundance of caution and on the theory that the defendants cannot reasonably anticipate how the evidence will be presented and what instructions, in addition to the foregoing and accompanying legal issues, will be necessary to enable the jury to reach their verdict.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PLAIN CAROL DROWN,                :        NO. 3:03CV-0978 (WWE)
    *Plaintiff,*                         :

    V.                                      :

T.F.C. CONWAY                     :
    *Defendants.*                       :        SEPTEMBER 29, 2004

## DEFENDANTS' PROPOSED SPECIAL VERDICT FORM (Interrogatories)

## I. LIABILITY

### I. As to the Defendant Randall Conway - Section 1983 Claim - Unlawful Seizure:

1.  Do you find that the defendant seized the plaintiff in an unlawful manner in violation of her federal constitutional rights during the course of effecting her arrest on September 25, 2000?

    [ ]  YES                         [ ] NO

(If you answered "NO" to this interrogatory, your deliberations are complete.  Please sign and date this form in the space provided below.)

2.  If you answered "YES" to interrogatory no. 1 above, then do you find that the unlawful conduct on the part of this defendant was the proximate cause of injury to the plaintiff?

    [ ]  YES                         [ ] NO

(If you answered "NO" to interrogatory no. 2 above, your deliberations are complete.  Please sign and date this form in the space provided below.)

## II. DAMAGES

If you answered "yes" to both interrogatories in Part I above, you have found  the defendant liable to the plaintiff.  You may, therefore, award damages against him.

1.  Do you find that the plaintiff has proved actual damages suffered as the result of the defendant's wrongdoing?

[ ] YES                              [ ] NO

2.  If you answered "yes" to interrogatory no. II.1, what amount of money in actual damages is fair and just to compensate the plaintiff for the injuries inflicted upon him by the defendants?

$ _____

3.  If you answered "no" to interrogatory no. II.1, you have found that the plaintiff has proved that the defendant violated her constitutional rights, but that she failed to prove actual damages.  You must, therefore award nominal damages in an amount not to exceed $10.00.  Enter that amount below.

$ _____

4.  If you awarded either actual or nominal damages to the plaintiff in interrogatories II.2 or II.3 above, and keeping in mind the Court's instruction on punitive damages, do you find that the defendant should be punished or deterred from future misconduct by an award of punitive damages in addition to that already listed above?

[ ] YES                              [ ] NO

5.  What amount of punitive damages is fair and just in order to punish each defendant, or to deter him/her from future misconduct?

$ _____


Your deliberations are complete.  Please sign and date this form.


_____          _____
Foreperson                                                              Date