UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Hon. Holly B. Fitzsimmons
915 Lafayette Boulevard
Room 266
Bridgeport, CT 06604
203-579-5640

PRETRIAL ORDER

The parties shall exchange and jointly submit in duplicate to the Court a trial memorandum which shall contain the following information[1]:

(1) <u>TRIAL COUNSEL</u>: List the names, addresses, and telephone numbers of the attorneys who will try the case. Trial counsel must attend the pretrial conference, unless excused by the Court.

(2) <u>JURISDICTION</u>: Set forth the basis for federal jurisdiction.

(3) <u>JURY-NONJURY</u>: State whether the case is to be tried to a jury or to the Court.

(4) <u>TRIAL LENGTH</u>: Realistically estimate the number of trial days required. Assume five hours of jury time for each trial day.

(5) <u>NATURE OF CASE</u>: State separately the nature of each cause of action, and the relief sought. Include an itemized statement of damages.

(6) <u>PLAINTIFF'S CONTENTIONS</u>: State generally the plaintiff's factual contentions for each cause of action.

(7) <u>DEFENDANT'S CONTENTIONS</u>: State generally the defendant's factual contentions for each defense, counterclaim, and setoff.

(8) <u>LEGAL ISSUES</u>: List the legal issues presented by the factual contentions of the parties.

(9) <u>STIPULATED FACTS/CONTESTED ISSUES</u>: Counsel for both parties shall confer in an effort to agree upon a written stipulation of uncontroverted facts, and an agreed statement of the contested issues of fact and law.

---

[1] This Order incorporates and supersedes the requirements of Local Rule 10 and the Standing Order Regarding Trial Memoranda in Civil Cases.

      Where trial is to the Court, submit (where possible, on disk in Wordperfect) proposed findings of fact and conclusions of law, with evidentiary references or relevant authority, no later than 5 days before the commencement of trial.

(10) <u>LIST OF WITNESSES</u>: Set down the names and addresses of each witness to be called at trial, with a brief statement of the anticipated testimony. Witnesses not listed (except rebuttal and impeachment witnesses) will not be permitted to testify at trial, except for good cause shown. Witnesses may be designated in the alternative.

      In addition, for each expert witness, set forth the opinion to be expressed, a brief summary of the basis of the opinion and a list of the materials on which the witness intends to rely.

      If a party objects to all or any part of the anticipated testimony of any witness, lay or expert, the objection must be stated in this section of the Joint Memorandum so that the objection can be resolved prior to jury selection.

(11) <u>EXHIBITS</u>: Attach a list of all exhibits to be offered in each party's case in chief. The list must specifically identify each exhibit by providing a brief description of the exhibit. If a party has an objection to a designated exhibit, the objection must be stated in this section of the Joint Memorandum so that the objection can be resolved prior to jury selection. Except for rebuttal and impeachment, exhibits not listed will not be admissible at trial, except for good cause shown.

      Unless alternate arrangements are made with the courtroom deputy, plaintiff's exhibits shall begin with number 1 and proceed sequentially to number 500; and defendant's exhibits shall begin with number 501. Each party shall prepare an original set of exhibits, plus a duplicate copy for the Court and every other party, marked with exhibit tags provided by the Clerk.

      Exhibits shall be premarked no later than the day of jury selection or three days prior to trial, whichever is sooner. The Court's duplicate set of exhibits, along with <u>a separate list of the exhibits and a witness list</u> shall be provided to the courtroom deputy at that time. Counsel will retain the original set of exhibits and introduce them during the course of the trial. The courtroom deputy may be consulted for assistance on the proper marking of exhibits.

(12) <u>DEPOSITIONS</u>: Designate each witness who is expected to testify by deposition at trial. Include page references to the portions of the deposition transcripts which each party proposes to read into evidence. Cross-designations shall be listed as provided by F.R.C.P. 32(a)(4). Include all objections to deposition designations. THESE OBJECTIONS MUST BE RESOLVED either between the parties or by Court ruling prior to jury selection. Amendment of the designations will be permitted only for good cause shown.

(13) <u>JURY INSTRUCTIONS</u>:  For jury cases, the parties will meet and confer for the purpose of preparing and filing agreed upon requests to charge the jury and jury interrogatories.  The proposed instructions will be submitted in the form of one continuous document, divided by subject headings, which will be filed as an attachment to the Joint Trial Memorandum.  The proposed instructions should encompass all applicable rules of law.  Citations to rules and authority should be provided in footnotes.  If the parties cannot agree as to the appropriateness of a particular instruction, each party's instruction should be set forth separately.  Counsel are requested, where possible to submit to the Court the proposed instructions and jury interrogatories on disk in Wordperfect to facilitate the preparation of a final document.  Upon request, counsel can review copies of the Court's standard draft charge prior to the preparation of the requests to charge.

(14) <u>EVIDENTIARY PROBLEMS</u>: Attach memoranda of fact and law concerning evidentiary issues anticipated by the parties.

(15) <u>FURTHER PROCEEDINGS</u>: Specify, with reasons, the necessity for any further pretrial proceedings.

Jury selection in this matter will be held in Courtroom 4 of the Federal Courthouse, 915 Lafayette Boulevard, Bridgeport.  Testimony will commence following jury selection unless modified by the Court.  **Proposed voir dire questions shall be submitted with the jury instructions**.

It is SO ORDERED.

_____/s/_____
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE

4

Case 3:03-cv-00978-HBF   Document 32   Filed 07/01/2005   Page 4 of 4